CHARLES TRAUBMAN, complainant-appellant,

*v.*

JACOB TRAUBMAN, defendant-respondent.

[Submitted October 28th, 1933. Decided January 5th, 1934.]

*Mr. Harry Grossman,* for the appellant.

*Messrs. Leavitt & Talley (Mr. Fayette N. Talley,* of counsel), for the respondent.

PER CURIAM.

Appellant's bill of complaint sought a discovery and disclosure of the profits earned by the respondent from the resale of certain premises which had been previously jointly owned by appellant and respondent, having been acquired by them on or about April 25th, 1913. Appellant conveyed to respondent his undivided one-half interest in such premises on or about January 16th, 1917, and respondent continued to hold the title until 1928. It is alleged in the bill that at the time of the conveyance in 1917, respondent entered into an agreement to account, upon the resale of the premises, for one-half of the profit realized from the resale, the profit to be determined in accordance with the provisions of such alleged agreement. The premises were resold by the respondent in the year 1928 and, according to the allegations of the bill, appellant learned of the resale in 1929. The bill of complaint was not filed, however, until the latter part of the year 1932. In addition to a prayer for an accounting, appellant's bill contains a prayer that the court establish the contents of the agreement alleged to have been entered into in 1917, which it is alleged has been lost.

Respondent's answer denies the making of the alleged lost agreement and, on the contrary, alleges that respondent purchased appellant's interest and paid the consideration demanded by him, after which time he became sole owner of the premises, unencumbered by any agreement to account for profits upon a resale; that the transaction which took place in 1917 was the outgrowth of the desire of the appellant to rid himself of an interest in real estate which did not provide sufficient income to pay the carrying charges; and that appellant had failed, since the purchase of the property in 1913, to pay his share of the carrying charges.

Now of course appellant's right, if any, to an accounting

depended upon his ability to establish that such an agreement once existed, as well as its contents. The vice-chancellor advised the dismissal of the bill because of appellant's inability to establish the contents of the alleged instrument under which relief was sought, by that character of evidence necessary to establish the contents of a lost instrument, holding that to enforce the agreement would require the court to speculate upon its terms, which it would be futile for the court to attempt to do.

Our examination of the evidence results in the conclusion that the action of the court below in dismissing the bill was quite right, and that the court below properly awarded costs and a counsel fee to the respondent.

The decree below will be affirmed, with costs in this court, to the respondent.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.